Case 2:22-cv-00133   Document 23   Filed on 02/10/23 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
February 10, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEWELL THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00133 |
| | § | |
| CHRISTOPHER CARTER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jewell Thomas, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff asserts claims against Defendants under the Eighth Amendment, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(b)(5)(A), and the Rehabilitation Act (RA), 29 U.S.C. § 794.  Pending before the Court is Plaintiff's motion to alter or amend judgment.  (Doc. No. 22.)  For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion be denied.

### A. *Jurisdiction.*

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management pursuant to 28 U.S.C. § 636.

### B. *Proceedings.*

#### 1. *Plaintiff's § 1983 action.*

Plaintiff is a prisoner in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID) and is housed at the McConnell Unit in Beeville, Texas. Plaintiff sued the following defendants in this action: (1) Christopher Carter, TDCJ's

Rehabilitative Program Division Director ("Director Carter"); (2) TDCJ-CID Director Bobby Lumpkin ("Director Lumpkin"); and (3) the State of Texas (the "State") (collectively, "Defendants").  Plaintiff generally claimed that Defendants violated his Eighth Amendment and ADA and RA rights in connection with the denial of proper treatment and reasonable accommodations for his alleged alcoholism.  (Doc. No. 1, p. 4.)  Plaintiff sought monetary relief.  *Id.*; Doc. No. 15, pp. 28-29.  On September 1, 2022, the undersigned conducted a *Spears*[1] hearing in which Plaintiff was given an opportunity to explain his claims.

### 2. *The Court's rulings and entry of final judgment.*

On October 4, 2022, the undersigned issued a Memorandum and Recommendation ("M&R"), recommending that the district court dismiss Plaintiff's § 1983 claims for money damages against the State as well as Directors Carter and Lumpkin in their official capacities as barred by the Eleventh Amendment.  The undersigned also recommended dismissal with prejudice of Plaintiff's Eighth Amendment and ADA and RA claims against Directors Carter and Lumpkin in their respective individual and official capacities as frivolous or for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  Finally, the undersigned recommended that dismissal of Plaintiff's case be counted as a "strike" for purposes of 28 U.S.C. § 1915(g).  (Doc. No. 17.)  Plaintiff subsequently filed his objections to the M&R.  (Doc. No. 20).

On November 1, 2022, the district court overruled Plaintiff's objections and adopted the M&R in its entirety.  (Doc. No. 21.)  The district court entered final judgment against Plaintiff that same day, and closed this case.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

### C. *Plaintiff's instant motion: leave to amend should be denied as futile.*

In his motion to alter or amend judgment, Plaintiff seeks the Court's leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a). (Doc/ No. 22.) Plaintiff attaches his proposed amended complaint to the motion. (Doc. No. 22-1.) Plaintiff contends that Federal Rule of Civil Procedure 59(e) authorizes the final judgment to be altered through the allowance of his proposed amended complaint. (Doc. No. 22, p. 1.)

Requests for leave to amend a complaint are ordinarily governed by Rule 15(a). *See Lewis v. Brazoria County Sheriff's Office*, No. H-10-5014, 2012 WL 12994979, at *1 (S.D. Tex. Jan. 6, 2012) (Hoyt, J.). In this case, however, Plaintiff seeks to amend his complaint after the Court has entered final judgment. "When a court enters a final judgment, a party may move to amend its complaint under Fed. R. Civ. P. 59(e) or 60 rather than Fed. R. Civ. P. 15(a)." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 184 (5th Cir. 2018) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)). "Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under [Rule] 59(e) or 60." *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000). Nevertheless, the Fifth Circuit has held that the analysis of a party's Rule 59(e) motion seeking leave to amend the complaint "'should be governed by the same considerations controlling the exercise of discretion under [Fed. R. Civ. P.] 15(a).'" *Allen*, 907 F.3d at 184 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981) (bracketed text in original)).

Before considering Plaintiff's post-judgment motion under the same considerations governing a Rule 15(a) motion, the undersigned first assesses whether Plaintiff's motion is in fact one filed pursuant to Rule 59(e). A motion which attacks a final judgment is treated either as a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from

judgment under Federal Rule of Civil Procedure Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994).

Inmate *pro se* filings are deemed filed at the time they are deposited into the prison mail system for mailing. *See Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011). Plaintiff's post-judgment motion, dated December 9, 2022, was received by the Court on December 12, 2022. (Doc. No. 22, p. 3.) Giving Plaintiff the benefit of the doubt, the undersigned will assume that Plaintiff deposited his motion into the McConnell Unit's prison mailing system on the day it was dated and signed. Thus, pursuant to the prison mailbox rule, Plaintiff's motion is deemed to have been filed in this Court on December 9, 2022. Because Plaintiff did not file his motion within 28 days after entry of the November 1, 2022 final judgment, his motion is treated as one for relief from judgment pursuant to Rule 60(b). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012).

Unlike Rule 59(e) motions seeking leave to amend a complaint, the Fifth Circuit has not expressly determined whether similar Rule 60(b) motions are governed by the same considerations controlling the exercise of discretion under Rule 15(b). The undersigned has not found any district court decision within the Fifth Circuit expressly holding that a Rule 60(b) motion seeking leave to amend a complaint should be treated like its Rule 59(e) motion counterpart. Notwithstanding this lack of authority and out of an abundance of caution, the undersigned will consider Plaintiff's Rule 60(b) motion to amend under the same considerations governing Rule 15(a) motions.

Rule 15(a) provides that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, while leave to amend is not automatic, "Rule 15 evinces a bias in favor of granting leave to amend." *Goldstein v. MCI WorldCom*, 340 F.3d 238,

254 (5th Cir. 2003) (quoting *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)). "Leave to amend should not be denied unless there is *substantial reason* to do so." *Montemayor v. Chudasama*, No. 3:21-CV-2252-N-BH, 2021 WL 5450994, at *3 (N.D. Tex. Oct. 19, 2021), *adopted*, 2021 WL 5449032 (N.D. Tex. Nov. 19, 2021) (citing *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998)) (emphasis in original). "There is substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile." *Montemayor*, 2021 WL 5450994 at *3 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "An amendment is futile if, after the amendment, the complaint would still 'fail to state a claim upon which relief could be granted.'" *Burnette v. RateGenius Loan Services, Inc.*, 671 F. App'x 889, 894 (5th Cir. 2016) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)).

      Here, substantial reason exists to deny Plaintiff's motion for leave to amend his complaint: his proposed amendment would be futile. Plaintiff first seeks leave to amend his complaint by essentially restating his ADA claim against Director Carter in his official capacity. (Doc. No. 22-1, p. 1.). The Court has previously rejected Plaintiff's related ADA and RA claims against Director Carter in his official capacity, concluding that Plaintiff's testimony at the *Spears* hearing belied "any suggestion that the failure to treat his alleged alcoholism through enrollment in the DWI program denied him access to various TDCJ services and activities" and that Plaintiff had alleged nothing to suggest that the decision to deny Plaintiff enrollment in the DWI program was motivated by reason of his alleged alcoholism. (Doc. No. 17, pp. 18-19; Doc. No. 21.)

      To suggest that his alcoholism impeded his ability to access various TDCJ services, Plaintiff offers only conclusory facts in his proposed amendment in an attempt to contradict his

*Spears* hearing testimony.  (Doc. No. 22-1, p. 1.)  Furthermore, Plaintiff provides nothing to indicate that Director Carter denied Plaintiff enrollment in the DWI program because of Plaintiff's alcoholism.  Plaintiff alleges in the proposed amendment that Director Carter implemented a policy requiring Plaintiff and other inmates to "first gain parole status" before having any access to this alcoholic treatment program.  (Doc. 22-2, p. 2.)  Even assuming that such a policy had been implemented by Director Carter, it does not suggest that Plaintiff was denied enrollment by reason of his alleged disability associated with alcoholism.  Accordingly, Plaintiff's proposed amendment regarding his ADA claim against Director Carter in his official capacity would be futile because it fails to state a claim upon which relief can be granted.

Plaintiff also seeks to add a claim of conspiracy to discriminate against Director Lumpkin in his individual capacity.  Plaintiff alleges only that Director Lumpkin entered into an agreement with Director Carter to deny Plaintiff services within the TDCJ by reason of his alcoholism.  (Doc. No. 22-1, pp. 2-3.)  A plaintiff seeking to lodge such a claim must plead specific, non-conclusory facts that establish that there was an agreement among the defendants to violate his federal civil rights.  *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004); *see also Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (explaining that bald allegations that a conspiracy existed are insufficient and that plaintiffs asserting conspiracy claims under § 1983 must plead the operative facts on which their claim is based); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992) (concluding that conclusory allegations of a conspiracy will not suffice).

Plaintiff's allegation in his proposed amended complaint consists of a single conclusory allegation: that Director Lumpkin and Director Carter "entered into an agreement … to deny the Plaintiff and others of the services within the TDCJ solely by reason of his/their alcoholism."

(Doc. No. 22-1, pp. 2-3.)  Plaintiff alleges nothing more.  Plaintiff's allegation is merely an expression of his speculative belief that these defendants actually entered into an agreement to violate his rights.  *See Easter v. City of Dallas Probate Division*, No. 3:21-CV-0860, 2022 WL 2975349, at *8 (N.D. Tex. June 27, 2022), *adopted*, 2022 WL 2972595 (N.D. Tex. July 27, 2022) (rejecting § 1983 conspiracy claim where allegations were "totally speculative and [did] not show an agreement of any kind between the two defendants").  Plaintiff's vague and conclusory claim of a conspiracy therefore fails to state a claim for relief.  *See Priester*, 354 F.3d at 420; *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992) (concluding that conclusory allegations of a conspiracy will not suffice).  Accordingly, Plaintiff's proposed amendment asserting a conspiracy claim against Director Lumpkin is futile, because it fails to state a claim upon which relief could be granted.[2]

### D. Conclusion and Recommendation.

Because Plaintiff's proposed amendments fail to state a claim upon which relief could be granted, those proposed amendments are futile.  Plaintiff therefore cannot establish entitlement to relief from the Court's final judgment under Rule 60(b).  The undersigned therefore recommends that Plaintiff's Motion to Alter and Amend Judgment (Doc. No. 22) be DENIED.

### E. Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1),

---

[2] While naming Director Carter as part of the alleged conspiracy, Plaintiff does not expressly seek to add a conspiracy claim against Director Carter.  However, for the reasons discussed in the main text, any conspiracy claim asserted against Director Carter would likewise be futile.

General Order No. 2002-13, and the United States District Court for the Southern District of Texas.

      A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

      SIGNED on February 10, 2023.

                                                              MITCHEL NEUROCK
                                                              United States Magistrate Judge